UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:22-CV-00091-GNS

MELISSA A. GONZALEZ et al.                                                                          PLAINTIFF

v.

UNITED STATES OF AMERICA                                                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss (DN 8) and Plaintiffs' Motion to Strike (DN 17). The motions are ripe for adjudication. For the reasons stated below, the motions are **DENIED**.

### I.     BACKGROUND

On May 25, 2019, Major Agustin M. Gonzalez ("Gonzalez") was driving through Hart County, Kentucky, with his three of his minor children when his vehicle was involved an automobile accident. (Compl. ¶¶ 1, 10, 31, DN 1). As a result of the accident, Gonzalez and two children were killed, and one child sustained serious injuries. (Compl. ¶¶ 1, 12). At the time of the accident, Gonzalez was allegedly driving his family from North Carolina to Colorado due to a change in his permanent duty station relating to his employment in the U.S. Army, and was allegedly acting within the course and scope of his duties. (Compl. ¶¶ 10, 41-45).

Following the accident, Melissa A. Gonzalez, Individually and as the Administratrix of her deceased children and Mother, Guardian, and Next Friend of her surviving injured child ("Plaintiffs"), filed claims with the Department of Army, office of the Staff Judge Advocate, Fort Knox, Kentucky. (Compl. ¶ 22; Compl. Ex. C(1) DN 1-3; Compl. Ex. C(2), DN 1-4; Compl. Ex.

C(3), DN 1-5; Compl. Ex. C(4), DN 1-6; Compl. Ex. C(5), DN 1-7). Those claims were denied. (Compl. ¶ 23; Compl. Ex. D, DN 1-8).

Plaintiffs then filed this action against Defendant United States of America ("United States") asserting a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680. (Compl. ¶ 19). Plaintiffs allege that Gonzalez "was acting in the course and scope of his employment and/or agency with the United States Department of the Army and the USA" at the time of accident. (Compl. ¶ 20). Similarly, Plaintiffs allege that "all persons supervising, commanding, and/or issuing orders to Maj. Agustin M. Gonzalez were agents, servants or employees of the United States of America or its agency and were at all material times acting within the course and scope of employment and/or agency." (Compl. ¶ 21). Plaintiffs seek recovery under the FTCA for the injuries to the passengers of the vehicle because of the negligence of Gonzalez. (Compl. ¶¶ 49-68).

The United States moved to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1). (Def.'s Mot. Dismiss, DN 8). Plaintiffs subsequently moved to strike the United States' reply. (Pls.' Mot. Strike, DN 17). The motions are ripe for decision.

## II.   DISCUSSION

### A.   Defendant's Motion to Dismiss

The United States moves to dismiss the Complaint on the basis that FTCA does not apply because Gonzalez was not acting within the scope of his employment at the time of the accident. (Def.'s Mot. Dismiss 4-22). For this reason, the United States contends that the Court lacks subject matter jurisdiction over this matter. (Def.'s Mot. Dismiss 4-22). Plaintiffs oppose the motion and contend that the issue raised by the United States is more properly addressed in a

summary judgment motion following discovery. (Pls.' Resp. Def.'s Mot. Dismiss 13-25, DN 13).

Generally, a plaintiff bears the burden to survive a Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *See Bell v. Hood*, 327 U.S. 678, 682 (1946). Challenges to subject matter jurisdiction come in several varieties. Facial attacks challenge a plaintiff's establishment of jurisdiction in the Complaint and require the Court to examine the jurisdictional basis. *See United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (citation omitted). Factual attacks contest the existence of factual prerequisites to jurisdiction. *See id*. In such motions, in contrast to motions under Fed. R. Civ. P. 12(b)(6), the Court is empowered to resolve the factual disputes affecting any jurisdictional prerequisites under Fed. R. Civ. P. 12(b)(1). *See Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). The plaintiff bears the burden in both these situations. *See Bell*, 327 U.S. at 682.

While the United States' motion challenges this Court's subject matter jurisdiction over Plaintiffs' FTCA claim, it also contests the sufficiency of the allegations in the Complaint. (Def.'s Mot. Dismiss 8; Def.'s Reply Mot. Dismiss 9-15, DN 16). Plaintiffs asserts that the Court should deny the United States' motion based upon the Sixth Circuit's decision in *United States v. Chattanooga-Hamilton County Hospital Authority*, 782 F.3d 260 (6th Cir. 2015). (Pls.' Resp. Def.'s Mot. Dismiss 13-14).

In *Chattanooga-Hamilton County Hospital Authority*, the Sixth Circuit explained that "[w]hen a factual attack on subject matter jurisdiction 'also implicates an element of the cause of action, then the district court should "find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's claim."'" *Chattanooga-Hamilton Cnty. Hosp. Auth.*, 782 F.3d at 265 (quoting *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330

(6th Cir. 2007)). "This [approach] provides a 'greater level of protection to the plaintiff who in truth is facing a challenge to the validity of his claim: the defendant is forced to proceed under Rule 12(b)(6) . . . or Rule 56 . . . both of which place greater restrictions on the district court's discretion . . . ." *Gentek Bldg. Prods., Inc.*, 491 F.3d at 330 (citation omitted). Because the United States' challenge to Plaintiffs' claims implicates an element of the FTCA and its motion solely seeks relief under Fed. R. Civ. P. 12(b)(1), the motion must be denied.

For the first time in its reply, the United States contends that the failure to allege all elements of the FTCA claim also warrants dismissal under Fed. R. Civ. P. 12(b)(6). (Def.'s Reply Mot. Dismiss 9-15). The problem with United States' argument, however, is that its motion is based only on Fed. R. Civ. P. 12(b)(1), and the Court will disregard this belated assertion in the reply. *See Select Specialty Hosp.-Memphis, Inc. v. Trs. of Langston Cos.*, No. 2:19-cv-2654-JPM-tmp, 2020 WL 4275264, at *9 (W.D Tenn. July 24, 2020) ("An argument raised for the first time in a reply brief is considered waived. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008). '[R]eply briefs *reply* to arguments made in the response brief— they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration.' *Id*. (quoting *Novosteel SA v. U.S., Bethlehem Steel Corp.*, 284 F.3d 1261, 1274 (Fed. Cir. 2002)) (emphasis in original). . . . . Courts in the Sixth Circuit have applied this principle to find defendants to have waived arguments raised for the first time in a reply brief filed in support of a motion to dismiss." (citations omitted)).

As stated above, it is inappropriate to dismiss a claim under Fed. R. Civ. P. 12(b)(1) when the moving party challenges the sufficiency of the pleading. Accordingly, the Court finds that it has jurisdiction over this matter, and the United States' motion is denied.

### B. Plaintiffs' Motion to Strike

Plaintiffs move to strike the United States' reply to the motion dismiss for raising a new argument for dismissal. (Pls.' Mot. Strike 2-4). "Courts routinely disregard evidence and arguments that are raised for the first time in a reply brief." *Braun v. Ultimate Jetcharteres, Inc.*, No. 5:12CV1635, 2014 WL 12584328, at *1 (N.D. Ohio Feb. 25, 2014). As a sister court has noted, however, "motions to strike are generally disfavored. 'Rather than striking material, a court may simply ignore inadmissible evidence [or the belated argument].'" *O'Banion v. Am. Aggregates Corp.*, No. 1:19-CV-841, 2020 WL 13469259, at *2 (S.D. Ohio July 23, 2020) (quoting *Trs. of Plumbers & Steam Fitters Local 184 Supplemental Pension Plan v. Ivitts Plumbing Contractors, Inc.*, No. 5:12-CV-112-TBR, 2014 WL 3905589, at *3 (W.D. Ky. Aug. 11, 2014)). It is inappropriate to address the merits of the United States' belated attempt to seek dismissal of the Complaint under Fed. R. Civ. P. 12(b)(6) when the motion to dismiss did not seek relief on that basis. Accordingly, Plaintiffs' motion is denied. In addition, because a hearing is unnecessary to address the motion, Plaintiffs' request for a hearing is also denied.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (DN 8) and Plaintiffs' Motion to Strike (DN 17) are **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

September 15, 2023

cc: counsel of record