UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

MELISSA A. GONZALEZ, et al. PLAINTIFF

v. CIVIL ACTION NO: 1:22-CV-00091-GNS-HBB (E-FILED)

UNITED STATES OF AMERICA DEFENDANT

# **ANSWER**

Defendant, the United States of America, by and through counsel, answers Plaintiffs' Complaint as set out below.

## **PARTIES**

1. Paragraph 1 is denied for lack of information.

2. Paragraph 2 is denied for lack of information.

3. Paragraph 3 is denied for lack of information.

4. Paragraph 4 is denied for lack of information.

5. Paragraph 5 is denied for lack of information.

6. Paragraph 6 is denied for lack of information.

7. The United States admits Plaintiff attached Exhibit A to her Complaint. Otherwise, Paragraph 7 is denied for lack of information.

8. The United States admits Plaintiff attached Exhibit A to her Complaint. Otherwise, Paragraph 8 is denied for lack of information.

9. Paragraph 9 is denied.

10. Paragraph 10 is denied.

11. Paragraph 11 is denied for lack of information.

12. The United States admits Major Agustin M. Gonzales died as a result of an automobile collision occurring on or about May 25, 2019. Otherwise, Paragraph 12 is denied for lack of information.

13. Paragraph 13 is denied for lack of information.

14. Paragraph 14 is a legal assertion requiring no response. To the extent a response is required, Paragraph 14 is denied for lack of information.

15. Paragraph 15 is admitted in that the United States of America has been named as a defendant in this action, but the United States denies that it is properly named as a defendant in this action.

## JURISDICTION, VENUE, AND SERVICE

16. The United States admits that this action was brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2671 et seq. The United States further admits that the Federal Tort Claims Act grants United States District Courts with exclusive jurisdiction of certain civil actions against the United States and that the United States is the proper defendant. Otherwise, Paragraph 16 is denied, including that the Plaintiffs' assertion that the court has jurisdiction is denied.

17. Paragraph 17 is a legal assertion requiring no response.

18. Paragraph 18 is denied for lack of information.

19. Paragraph 19 is a legal assertion requiring no response. To the extent that one is required, Paragraph 19 is denied.

20. The United States admits the Department of the Army is an agency of the United States. Otherwise, Paragraph 20 is denied.

21. Paragraph 21 is denied, including for lack of information.

22. The United States admits the United States Army received administrative claims for Plaintiffs on March 5, 2021 and March 10, 2021. The claims asserted damages totaling $141,000,000. Otherwise, Paragraph 22 is denied for lack of information.

23. Paragraph 23 is admitted.

24. Paragraph 24 is admitted.

25. Paragraph 25 is admitted.

## FACTS AND CAUSES OF ACTION

26. Paragraph 26 is a legal assertion requiring no response. To the extent that one is required, the United States admits that Plaintiffs submitted SF 95s, but denies claims and allegations made in them, and therefore, the remainder of Paragraph 26 is denied.

27. Paragraph 27 is denied for lack of information.

28. Paragraph 28 is denied for lack of information.

29. Paragraph 29 is denied for lack of information.

30. Paragraph 30 is denied for lack of information.

31. Paragraph 31 is denied.

32. Paragraph 32 is denied for lack of information.

33. Paragraph 33 is a legal conclusion for which no response is required. To the extent one is required, Paragraph 33 is denied.

34. Paragraph 34 is a legal conclusion for which no response is required. To the extent one is required, Paragraph 34 is denied.

35. Paragraph 35 is denied.

36. Paragraph 36 is denied for lack of information.

37. Paragraph 37 is denied.

38. Paragraph 38 is denied.

39. Paragraph 39 is denied.

40. Paragraph 40 is denied.

41. Paragraph 41 is denied.

42. Paragraph 42 is denied.

43. Paragraph 43 is denied.

44. Paragraph 44 is denied.

45. Paragraph 45 is denied.

46. Paragraph 46 is denied.

47. Paragraph 47 is denied.

**DAMAGES**

48. Paragraph 48 is a legal assertion requiring no response. To the extent that one is required, the United States admits that Plaintiffs submitted SF 95s, but denies claims and allegations made in them, and therefore, the remainder of Paragraph 48 is denied.

49. Paragraph 49 is denied.

50. Paragraph 50 is denied.

51. Paragraph 51 is denied.

52. Paragraph 52 is denied.

53. Paragraph 53 is denied.

54. Paragraph 54 is denied.

55. Paragraph 55 is denied.

56. Paragraph 56 is denied.

57. Paragraph 57 is denied.

58. Paragraph 58 is denied.

59. Paragraph 59 is denied.

60. Paragraph 60 is denied.

61. Paragraph 61 is denied.

62. Paragraph 62 is denied for lack of information.

63. Paragraph 63 is denied for lack of information.

64. Paragraph 64 is a legal assertion requiring no response. To the extent that one is required, the United States admits that Melissa Gonzalez has asserted a claim, but denies the substance of her claims and allegations, and therefore the remainder of Paragraph 64 is denied.

65. Paragraph 65 is denied for lack of information.

66. Paragraph 66 is denied for lack of information.

67. Paragraph 67 is a legal assertion requiring no response. To the extent that one is required, the United States admits that Melissa Gonzalez has asserted a claim, but denies the substance of her claims and allegations, and therefore the remainder of Paragraph 67 is denied.

68. Paragraph 68 is denied.

69. Paragraph 69 is a legal assertion requiring no response. To the extent that one is required, Paragraph 69 is denied, as jurisdiction in this case would not depend on amounts sought by Plaintiffs.

70. Paragraph 70 is denied for lack of information.

The unnumbered paragraph beginning with "WHEREFORE" and the numbered sentences following it require no response. To the extent a response is required, the unnumbered paragraph and the numbered sentences after it are denied.

**AFFIRMATIVE DEFENSES**

1. The complaint fails to state a claim upon which relief may be granted.

2. The injuries and damages alleged in the Complaint were not proximately caused or contributed to by the negligent or wrongful act or omission of an employee of the United States acting within the scope of employment.

3. The injuries and damages alleged in the Complaint were not proximately caused or contributed to by the negligent or wrongful act or omission of an employee of the United States acting within the scope of employment.

4. Defendant did not breach a recognizable duty owed to Plaintiff.

5. If Defendant is found liable to Plaintiffs, which liability is expressly denied, Defendant is entitled to have the award against it abated, reduced or eliminated to the extent that Plaintiffs failed to mitigate damages.

6. To the extent the claims are based on the exercise or performance or the failure to exercise or perform a discretionary function or duty, they are barred. 28 U.S.C. § 2680(a).

7. The injuries and damages alleged in the complaint were proximately caused by the act or omission of persons other than employees of the United States. As such, any determination of fault should be apportioned, pursuant to the doctrine of comparative fault, contributory negligence, or other applicable law, to those responsible, whether parties to the current action or not.

8. If the United States is found to be at fault, which is specifically denied, the superseding and intervening negligence of third parties, for whom the United States cannot be held liable, broke any causal connection between the United States' alleged negligence and the alleged injury, cutting off the legal effect of the defendant United States' alleged negligence.

9. To the extent a superseding intervening cause related to Plaintiffs' claimed injuries and damages broke any possible causal relationship between Plaintiffs' claimed injuries or damages and the actions or omissions of any employee of the United States, the United States is not liable.

10. Plaintiffs' own negligence was a contributing cause of the incident at issue and/or injuries alleged in the Complaint, and any compensatory damages recoverable by Plaintiffs from the United States shall be diminished by an amount that is proportionately equal to the percentage of Plaintiffs' negligent conduct pursuant to Kentucky law. Ky. Rev. Stat. § 411.182.

11. The injuries and damages of which Plaintiffs complain, if any, are due in whole or in part to pre-existing conditions or injuries, and any recovery should accordingly be denied or proportionally reduced.

12. Plaintiffs' claims for damages are limited to the damages recoverable under 28 U.S.C. § 2674.

13. Pursuant to the FTCA, attorney's fees are taken out of any judgment or settlement and are governed by statute and costs cannot be awarded in this case. Defendant is not liable for attorneys' fees except as provided for by the Federal Tort Claims Act.

14. Attorney's fees, if any, taken out of any judgment or settlement with the United States are governed by statute and may not exceed 25% of the judgment or settlement. 28 U.S.C. § 2678.

15. To the extent that the Plaintiffs request equitable relief, not money damages, or punitive damages, such requests are not cognizable under the Federal Tort Claims Act. 28 U.S.C. §§ 1346(b)(1), 2674.

16. To the extent the FTCA does not authorize a state law claim or damages, same must be dismissed.

17. To the extent applicable state law disallows a claim or claimed damages, same must be dismissed.

18. To the extent that the complaint raises causes of actions, claims, demands, and/or items of damages not asserted in the administrative claim, there has been a failure to exhaust administrative remedies.

19. Plaintiffs' recovery is limited to no more than the amount of her administrative claim presented to the United States. 28 U.S.C. § 2675(b). Plaintiff is prohibited from claiming or recovering an amount against the United States in excess of that set forth in the administrative claim presented to the agency.

20. Plaintiffs' recovery against Defendant, if any, is limited to the damages recoverable under the FTCA and applicable state law.

21. Plaintiffs are not entitled to an award of pre-judgment interest, costs or disbursements as to the United States of America, pursuant to 28 U.S.C. §§ 2674 and 2678.

22. Should Plaintiffs obtain any award from Defendant, Plaintiffs are entitled to post-judgment interest only to the extent authorized by law.

23. To the extent that Plaintiffs have or will receive any payments for any alleged injuries from any government source, any finding of liability, which is expressly denied, and any resulting damages award, is subject to set-off.

24. In the event any liability is found to be determined against the United States, which liability the United States denies, the United States is entitled to a setoff for any and all collateral sources of indemnity available to Plaintiffs pursuant to North Carolina statute and case law.

25. Defendant denies agency as alleged.

26. Plaintiff has failed to join a person required by Rule 19(b).

27. Any recovery by Plaintiff is subject to the availability of appropriated funds. 42 U.S.C. § 233(k).

28. This Court lacks jurisdiction over all claims raised in Plaintiffs' complaint.

29. Plaintiffs are not entitled to a jury trial.

30. Defendant asserts that it has, or may have, additional affirmative defenses which are not known to Defendant at this time, but which may be ascertained through discovery. Defendant specifically preserves these and other affirmative defenses as they are ascertained through discovery. Defendant asserts and preserves herein each and every affirmative defense as may be ascertained through future discovery, including those required by Rules 8 and 12 of the Federal Rules of Civil Procedure.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

*/s/ Jason Snyder*
Jason Snyder
Assistant United States Attorney
717 West Broadway
Louisville, KY 40202
(502) 582-6993
jason.snyder@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the plaintiff.

*/s/ Jason Snyder*
Jason Snyder
Assistant United States Attorney
717 West Broadway
Louisville, KY 40202
(502) 582-6993
jason.snyder@usdoj.gov