**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

| | |
|---|---|
| **MELISSA A. GONZALEZ, et al.** | ) |
| **PLAINTIFFS** | ) **Civil Action No. 1:22cv-00091-GNS** |
| **vs.** | ) **Chief Judge Greg N. Stivers** |
| **UNITED STATES OF AMERICA** | ) |
| **DEFENDANT** | ) |

**SCHEDULING ORDER**

A telephonic scheduling conference was conducted in this action on October 30, 2023, with the undersigned presiding. Participating in the conference were Amanda L. Hartley and Robert D. Mattingly for the Plaintiffs and Jason P. Snyder for the Defendant.

The Court has reviewed the Joint Report of Parties' Planning Meeting and considered the statements by counsel during the conference and pursuant to Fed. R. Civ. P. 16, does **HEREBY ORDER AND ADJUDGE AS FOLLOWS:**

**The parties agree that the issue of scope of employment and subject matter jurisdiction should be litigated and decided prior to discovery, litigation, and resolution on the merits of the other substantive issues, claims and defenses in this case. The parties jointly propose a limited period of discovery focused solely on the scope of employment and jurisdictional issues, and the bifurcated trial of the scope of employment and jurisdictional issue, prior to the commencement of discovery and litigation of the other, underlying factual claims and defenses in this matter.**

(1) **No later than December 8, 2023,** the parties shall have made all initial disclosures required of Fed. R. Civ. P. 26(a)(1). The parties are under a continuing duty to supplement their disclosures and responses as required by Rule 26(e) whenever

necessary during the entire course of this litigation. Supplementations shall be made within thirty days of first learning of the need to supplement, but **no later than** thirty days prior to the end of discovery.

**The parties are hereby informed that no witness not previously disclosed as one likely to have discoverable information under Fed. R. Civ. P. 26(a)(1)(A)(i), and no exhibit which has not been provided under Fed. R. Civ. P. 26(a)(1)(A)(ii), shall be allowed on the final witness and exhibit list, unless the failure was substantially justified or is harmless.** The Court will order the filing of final witness and exhibit lists when this case is set for trial.

(2) **No later than September 27, 2024,** the parties shall complete all pretrial fact discovery related to the issue of scope of employment and subject matter jurisdiction. All written discovery requests shall be submitted to the opposing parties so that the due date is in advance of the discovery deadline. **Motions pertaining to unresolved discovery and scheduling disputes may not be filed without first having a joint telephonic conference with the Magistrate Judge arranged through his courtroom deputy, Kelly Lovell, at 270-393-2507, or kelly_lovell@kywd.uscourts.gov**. **Any agreed amendments to the Scheduling Order shall be submitted to the Court in the form of an agreed order. ALL MOTIONS PERTAINING TO FACT DISCOVERY SHALL BE FILED NO LATER THAN FIFTEEN (15) DAYS AFTER THE CLOSE OF FACT DISCOVERY.**

**Non-waiver of attorney-client privilege or work-product protection.** Pursuant to Fed. R. Evid. 502(d), neither the attorney-client privilege nor work-product protection are waived by disclosure connected with this litigation. Further, the disclosure in this action shall not operate as a waiver in any other federal or state proceeding. As defined in Fed. R. Evid. 502(g), "attorney-client privilege" means the protection that applicable law provides for confidential attorney-client communications; and "work-product protection" means the protection that applicable law provides for tangible material (or its intangible equivalent) prepared in anticipation of litigation or for trial.

Unless otherwise agreed to by counsel, the use of all deposition testimony shall be governed by Fed. R. Civ. P. 32 and all depositions taken for trial purposes only shall be completed not later than 60 days prior to trial.

(3) **Agreed Protective Orders –** Parties are permitted to tender an agreed protective order which provides for confidentiality of documents produced in discovery. However, the parties' attention is directed to LR 5.7 regarding the filing of documents under seal:

**LR 5.7 Filing Documents Under Seal**

(a) **Presumption of public access.** Parties and counsel should presume that all documents filed in district court should be available for the public to access and that restricting public access can occur only in limited circumstances, as set forth in this Rule.

(b) **"Sealed Document" defined.** A "sealed document"' is defined as a document or motion filed pursuant to (1) a protective order restricting public access, (2) an order granting leave to file the sealed document or motion, in conjunction with a motion for leave to seal or a previously-filed redacted document, or (3) included within a category of documents considered sealed under a federal statute or federal rule of procedure, local rule, or standing order of this court. A sealed document or motion is not available electronically, or by any other means, to the parties, attorneys or the public.

(c) **Specific Authority or Motion Required; Protective Orders.** Absent a federal statute or federal rule of procedure, local rule, or standing order of this court, ***a party seeking to file a sealed document must electronically file a motion for leave to seal. The motion must state why sealing is required and must establish that the document sought to be filed under seal is entitled to protection from public disclosure. Reference to a stipulation that allows a party to designate certain documents as confidential is not sufficient grounds to establish that a document, or portions thereof warrants filing under seal.***

(d**) Electronic Filing Rules and Procedures.** All procedures for filing documents under seal, whether pursuant to this Rule or a federal statute or federal rule of procedure, are contained in the court's Amended

> Electronic Case filing Administrative Policies and Procedures, available from the Clerk's office on the following websites:
>
> WDKY - http://www.kywd.uscourts.gov/
> EDKY - http://www.kyed.uscourts.gov/
> (emphasis added).

The significance of this rule is that parties may not simply agree that any document they designate as confidential may be filed in the public record under seal. The rule provides that documents may only be sealed by Court order on motion demonstrating good cause. This gives rise to the question of which party should file the motion and which party bears the burden of demonstrating good cause. While parties are free to tender in this regard whatever order language they wish to propose, the Court has endorsed the following provision in agreed orders:

> Unless otherwise ordered by the Court or agreed to by the parties, should any party seek to file any documents and deposition transcripts containing or reflecting Confidential Information with the Court or any appellate court, said party shall notify the party that has designated the information as Confidential Information and afford the designating party no less than 3 business days to file a joint motion for leave to seal pursuant to LR 5.7 and applicable law. Although filed jointly, the designating party is fully responsible for preparing the joint motion, filing same, and making any and all arguments in support of the motion. Consistent with the requirements in LR 5.7(c), the motion for leave to seal must explain why "sealing is required and must establish that the document sought to be filed under seal is entitled to protection from public disclosure." The party seeking to file any said Confidential Information shall not oppose the motion, but shall have no further obligations under this Order, and the party seeking to file does not waive any rights under this Order. Should the Court grant the motion, the Confidential Information shall be filed in a sealed envelope with a cover label bearing the caption of the action containing the following notice: TO BE FILED UNDER SEAL PURSUANT TO AGREED CONFIDENTIALITY ORDER ENTERED IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY, CASE NO. _:__-cv-_____-___. Any filings shall comply with LR 5.7(d) as well as the Court's Amended Electronic Case filing Administrative Policies and Procedures. Confidential Information used in any court proceeding in connection with this action shall not lose its confidential status through

such use. All such Confidential Information so filed shall be maintained by the Clerk of the Court separate from the public records in this action and shall be released to persons or entities other than attorneys for the parties and Court personnel only upon written agreement of each designating party or upon further order of the Court entered after reasonable written notice and opportunity to each designating party to file objections thereto. In the event that each designating party and any party seeking to use such Confidential Information at trial are unable to reach an agreement as to the procedure to ensure the confidentiality of the Confidential Information, the matter shall be submitted to the Court.

(4) **No later than June 19, 2024,** counsel for the Plaintiffs shall disclose the identity of any person who may be used at trial to provide expert testimony under Fed. R. Civ. P. 26(a)(2)(A). By that date, Plaintiffs shall submit written reports from any expert witnesses who are retained or specially employed as required by Fed. R. Civ. P. 26(a)(2)(B). If the witness is not required to provide a written report, Plaintiffs' disclosure shall include for each witness the subject matter on which the witness is expected to present evidence under Fed. R. Evid. 702, 703 or 705 and a summary of the facts and opinions to which the witness is expected to testify, in conformance with Fed. R. Civ. P. 26(a)(2)(C).

(5) **No later than August 16, 2024**, counsel for the Defendant shall disclose the identity of any person who may be used at trial to provide expert testimony under Fed. R. Civ. P. 26(a)(2)(A). By that date, Defendant shall submit written reports from any expert witnesses who are retained or specially employed as required by Fed. R. Civ. P. 26(a)(2)(B). If the witness is not required to provide a written report, Defendant's disclosure shall include for each witness the subject matter on which the witness is expected to present evidence under Fed. R. Evid. 702, 703 or 705 and a summary of the facts and opinions to which the witness is expected to testify, in conformance with Fed. R. Civ. P. 26(a)(2)(C).

(6) The discovery depositions of all expert witnesses shall be completed **no later than September 27, 2024.**

(7) A telephonic status conference shall be conducted on **October 8, 2024, at 9:30 a.m., CDT. The Court will initiate the call**. If the parties agree to amendment of the deadlines established by this or any subsequent scheduling order, they may tender an agreed order. Agreed orders may not extend deadlines "in general" or "until further orders of the court," and must contain specific deadlines dates.

(8) Counsel for the parties do not anticipate filing dispositive motions for the first, bifurcated portion of the case dealing with scope of employment and subject matter jurisdiction.

(9) All other limitations set forth in the Report of Parties' Planning Meeting, to the extent they are not inconsistent with this Order, are incorporated herein.

(10) Should the parties wish to schedule a settlement conference, they should contact Kelly Lovell.

ENTERED this October 31, 2023

H. Brent Brennenstuhl
United States Magistrate Judge

Copies to: Counsel of Record

0|13